**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2258**

AYAWOA ABOFLAN,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  June 26, 2009                Decided:  July 29, 2009

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Timothy E. Wichmer, BERNHARDT & WICHMER, P.C., St. Louis,
Missouri, for Petitioner.  Tony West, Assistant Attorney
General, Jennifer L. Lightbody, Senior Litigation Counsel,
Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ayawoa Aboflan, a native and citizen of Togo, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Aboflan challenges the adverse credibility finding and the denial of relief under the CAT. We deny the petition for review.

The Immigration and Nationality Act authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish

2

refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable

3

testimony . . . ." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted).

Where, as here, the applicant filed her application for asylum after May 11, 2005, certain provisions of the REAL ID Act of 2005 regarding credibility determinations are applicable. See 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). Specifically, "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding

4

is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence.  Tewabe, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole.  INS v. Elias Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2006).  This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find substantial evidence supports the adverse credibility finding and the record does not compel a different result.  We further find the immigration judge did not err by considering the asylum officer's written assessment.  See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004) (finding no error with respect to the admission of an asylum officer's assessment); see also Diallo v. Gonzales, 445 F.3d 624, 632 (2d Cir. 2006) (asylum interviews, like other materials in the asylum record, should be accorded "the weight that they merit in light of the record as a whole" and resulting factual

5

determinations are reviewed for substantial evidence). We further find substantial evidence supports the denial of relief under the CAT. Aboflan failed to show that it was more likely than not she will be tortured when she returns to Togo. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2009).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>